UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:06-CR-2-TBR

UNITED STATES OF AMERICA,                                            PLAINTIFF

v.

PATRICK GENE HOPPER,                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Patrick Gene Hopper's pro se Motion to Run Sentences Concurrent. [DN 39]. The Government responded. [DN 41]. Defendant did not reply and the deadline to do so has passed. This matter is ripe for adjudication. For the reasons stated herein: Defendant's Motion to Run Sentences Concurrent, [DN 39], is DENIED.

## BACKGROUND

On January 11, 2006, Defendant was indicted on three counts of bank robbery, one count relating to the use of a firearm during a robbery, and one count of possessing a firearm while subject to a domestic violence order. [DN 41 at 113]. On January 19, 2006, Defendant was indicted in state court for burglary, rape, and theft. *Id.* On March 10, 2006, he was indicted again in state court for burglary and theft. *Id.*

On January 12, 2007, Defendant pled guilty to the federal charges and was sentenced to 117 months imprisonment. *Id.* at 114. Pursuant to his Plea Agreement, Defendant waived his right to "contest or collaterally attack his conviction and/or the resulting sentence pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel, or otherwise." [DN 28]. Defendant is currently serving a sentence relating to his state charges, which have a maximum expiration of sentence date of May 29, 2043. [DN 41 at 114]. He filed the instant motion requesting the Court run his federal sentence concurrently with the state sentence. [DN 39].

## LEGAL STANDARD AND DISCUSSION

Defendant asserts that this Court may impose a concurrent sentence under 18 U.S.C. § 3584(a). [DN 39 at 106]. In response, the Government contends that the Court lacks jurisdiction to consider Defendant's request. [DN 41 at 114]. Moreover, the Government argues that if the Court considers Defendant's motion pursuant to 28 U.S.C. § 2255, it should be denied given that

Defendant waived his right to collaterally attack his sentence and the motion falls outside the one-year statute of limitations listed in 28 U.S.C. § 2255(f). *Id.* at 115.

### I.      18 U.S.C. § 3584

Defendant requests the Court run his federal sentence concurrently with his state sentence pursuant to 18 U.S.C. § 3584. Defendant's reliance on this statute, however, is misplaced. Section 3584 is applicable at the time a court first imposes a sentence, not when a defendant is seeking correction of his sentence. Section 3584 "does not provide this court with any authority to substantively alter a sentence . . . ." *Wilson v. United States*, 969 F.Supp. 1054, 1057 (E.D. Mich. 1997). Instead, Defendant must rely on Federal Rule of Criminal Procedure 35 or 18 U.S.C. § 3582(c) to amend his sentence.

Neither Rule 35 nor 18 U.S.C. § 3582(c) are applicable to Defendant's case. First, Rule 35 only allows the Court to correct or reduce a sentence when there is a clear error or the government makes a motion to have the sentence reduced as a result of a defendant's substantial assistance. Fed. R. Crim. P. 35(a),(b). Section 3582(c) states that a court may not modify a term of imprisonment except in cases where the Director of the Bureau of Prisons files a motion to reduce a defendant's sentence, in cases where Rule 35 is applicable, or in cases where the sentencing range has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Defendant's request for concurrent sentencing is not an available remedy under these rules and statutes, and therefore, the Court has no means by which to amend Defendant's sentence.

### II.      28 U.S.C. § 2255

Although not raised by Defendant, the Government notes that if the Court were to construe the instant motion as one for relief pursuant to 28 U.S.C. § 2255, it should still be denied. Pursuant to § 2255, a prisoner has a right to collaterally attack his sentence for a variety of reasons, including if the sentence imposed is in violation of the laws of the United States or in excess of the maximum sentence authorized by law. 28 U.S.C. § 2255(a). However, "[a] defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001). "The Sixth Circuit has held, in particular, that a movant's waiver of his right to collaterally attack his sentence is generally enforceable." *Foreman v. United States*, No. 1:08-CV-1115, 2010 WL 2854274, at *2 (W.D. Mich. July 19, 2010) (citing *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007)). In this case, Defendant made a knowing and voluntary waiver of his right "to contest or collaterally attack his

conviction and/or the resulting sentence pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel or otherwise." [DN 28]. Therefore, if the Court were to construe his motion as a collateral attack on his sentence pursuant to § 2255, it must be denied.

## CONCLUSION

For the reasons stated herein: **IT IS HEREBY ORDERED**: Defendant's Motion to Run Sentences Concurrent, [DN 39], is **DENIED**.


**IT IS SO ORDERED.**


*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 14, 2019




CC: Attorneys of Record

Patrick Hopper, #212387

Little Sandy Correctional Complex

505 Prison Connector Road

Sandy Hook, KY 41171

3